**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BETTY HELEN JAROSLAW,

    Plaintiff,

v.                                            Case No. 04-CV-74989-DT
                                             HONORABLE DENISE PAGE HOOD

CITY OF WARREN, OFFICER REICHLING,
OFFICER MILLER, SERGEANT RANDALL,
DETROIT MACOMB HOSPITAL
CORPORATION, BAL K. GUPTA, M.D.,
DAVID DORIGIAN, DR. MARIE GREENSPAN,

    Defendants.
_____/

**MEMORANDUM OPINION AND ORDER**

**I.    BACKGROUND/FACTS**

On October 22, 2004, Plaintiff Betty Helen Jaroslaw filed the instant action with the Macomb County Circuit Court against Defendants City of Warren, William Reichling, Officer Miller, Sergeant Randall, St. Johns Macomb Hospital, Bal K. Gupta, David Dorigian ("Donigian" according to Defendants) and Marie Greenspan. The action was removed to this Court on December 22, 2004. The Complaint is numbered by paragraphs but is not separated by counts.

On July 15, 2004, at 2:15 p.m., the day of Plaintiff's eighty-first birthday, she drove her four door 1995 Chevrolet Cavalier to the pet store, Classic Pet Supply. Plaintiff purchased a bird and left the store. Plaintiff placed the container with the new pet bird on the seat in the car and opened the window. The bird flew out of the window because the container had not been securely fastened in the store. Plaintiff returned to the store and asked for a new bird or a refund because the store failed to securely fasten the container. The store would not honor her request and Plaintiff was told to

leave.

Plaintiff called the Warren Police Department for assistance. Plaintiff waited in the car for the police. Officer Reichling arrived and spoke with Plaintiff. Plaintiff told Defendant Officer Reichling what occurred and that the store would not refund Plaintiff her money. Defendant Officer Reichling concluded that Plaintiff had some mental difficulties noting that Plaintiff was unable to coherently explain her situation and insisted there was a conspiracy against her. Defendant Officer Reichling went into the pet store and spoke with the employees. The employees told Defendant Officer Reichling that after Plaintiff purchased the bird, she went outside and was seen opening the box and letting the bird go. The employees indicated to Defendant Officer Reichling that Plaintiff demanded another bird or a refund and that if she was not given a refund, Plaintiff would sue the pet store. One of the employees told Defendant Officer Reichling that Plaintiff was acting crazy.

Defendant Sergeant Randall arrived at the scene and spoke to Plaintiff. Defendant Reichling told Defendant Randall that people in the parking lot thought Plaintiff had been drinking. Plaintiff claims she had been drinking grape juice. Defendant Officer Reichling called for a Preliminary Breathalyzer Test (P.B.T.) but Plaintiff refused to take it. Plaintiff indicated she did not trust the police, that the police were trying to kill her, that she had been beaten by the police, and there was a conspiracy against her. Plaintiff later agreed to take the P.B.T. but the officers told her it was too late.

Defendant Officer Reichling advised Defendant Sergeant Randall that Plaintiff should be committed to Macomb Hospital. Plaintiff refused to cooperate with the officers and sat in her car, refusing to get out. Defendants Miller and Reichling escorted Plaintiff out of her car, cuffed Plaintiff and placed Plaintiff in Defendant Reichling's car for transport. Plaintiff was transported

to Macomb Hospital Emergency and eventually admitted to the mental ward. Defendant Reichling completed a Petition for Plaintiff's involuntary commitment, checking box "b" that Plaintiff had a mental illness and box "c" that Plaintiff's judgment is so impaired that she is unable to understand the need for treatment and that her continued behavior can result in significant physical harm to self or others. Plaintiff claims Defendant Reichling checked these boxes without any factual basis.

On July 16, 2004, at 1:20 p.m., Plaintiff was examined by Bal K. Gupta, M.D. for twenty minutes. Dr. Gupta concluded that Plaintiff was suffering from Bipolar I Disorder, mixed with agitative, assaultive behavior. Dr. Gupta based his diagnosis in part on the police petition which stated that the patient was brought to the Emergency Room Department on a police petition because the patient was threatening the pet store workers accusing them of killing her pets. Plaintiff claims she never threatened the store workers nor did she accuse the workers of killing her pets. Dr. Gupta noted that Plaintiff talked incessantly.

Plaintiff's Complaint is apparently alleging a substantive due process violation under the United States and Michigan Constitutions and that her liberty interests in safe conditions and freedom from bodily restraint were violated. (Complaint, ¶¶ 73, 74) Plaintiff claims she was unlawfully imprisoned from July 15, 2004 through July 31, 2004. (Complaint, ¶ 75) Plaintiff further claims that the police officers committed assault and battery against Plaintiff when they forcibly evicted Plaintiff from her car. (Complaint, ¶¶ 82, 83) The handcuffing caused bruises on Plaintiff's wrists. (Complaint, ¶ 84) Plaintiff claims that the officers' conduct conformed to official policy, custom or practice of the City of Warren and the Warren Police Department and that the officers were inadequately trained. (Complaint, ¶¶ 85-87)

Plaintiff claims that Defendants Macomb Hospital, Gupta, Donigian, a health care

3

professional, and Mary Zimmer, a nurse, falsely imprisoned Plaintiff and that these Defendants had as their motive, financial gain in continuing to confine and treat Plaintiff based on a payment of $18,290.50. (Complaint, ¶ 76) Plaintiff claims Defendant Macomb Hospital continues to bill Plaintiff $611.00 for her wrongful involuntary commitment. (Complaint, ¶ 78) Plaintiff further claims that the health care providers' decision that she was suffering from a substantial mental illness was a public function and undertaken under color of state law and that these Defendants deprived Plaintiff of her federally protected rights under the Constitution. (Complaint, ¶ 94) Plaintiff claims that the health care professionals violated Plaintiff's constitutional liberty interests of involuntarily committing mental patients, forcibly restraining Plaintiff and administering a drug she did not need, over the objections of the temporary guardian, Mary Maxwell, Plaintiff's daughter. (Complaint, ¶ 97) Plaintiff claims that the judgments of Defendants Gupta, Donigian and Greenspan are such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision to commit Plaintiff on such professional judgment. (Complaint, ¶ 96)

This matter is before the Court on Defendants Detroit Macomb Hospital Corporation, Gupta, Donigian and Zimmer's Motion to Dismiss.[1] To date, no response has been filed by Plaintiff. New counsel for Plaintiff appeared at the hearing. The Court allowed Plaintiff's new counsel to file a response by May 26, 2005. The Court's review of the docket indicates no response has been filed by Plaintiff.

---

[1] Although Nurse Zimmer's name appears in ¶ 76 of the Complaint, her name does not appear on the case caption and the portion of the Complaint that identifies the defendants. (See, Complaint, ¶¶ 2-11)

## II. ANALYSIS

### A. Standard

Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). In evaluating the propriety of dismissal under Rule 12(b)(6), the factual allegations in the Complaint must be treated as true. *Janan v. Trammell*, 785 F.2d 557, 558 (6th Cir. 1986). If matters outside the pleading are presented in a Rule 12(b)(6) motion, the motion shall be treated as one for summary judgment under Rule 56(b) and disposed of as provided in Rule 56.

### B. Malpractice Claim

Defendants Detroit Macomb Hospital Corporation, Gupta, Donigian and Zimmer move to dismiss the case against them. These Defendants argue that Plaintiff failed to file a written notice of the action to the health care professional or facility as required by the Michigan medical malpractice statute, M.C.L. 600.2912b. Defendants claim that an Affidavit of Merit signed by a health professional must accompany the Complaint. M.C.L. 600.2912d(1). Defendants claim Plaintiff did not file an Affidavit of Merit with her Complaint. Defendants cite *Dorris v. Detroit Osteopathic Hospital*, 594 N.W.2d 455 (1999) to support their argument that the claim should be dismissed.

Defendants also claim that they are qualifiedly immune because Plaintiff has failed to plead specific facts that raise a material question regarding gross negligence or wanton and willful misconduct as required by health professionals under the Mental Health Code, M.C.L. 330.1439.

5

In *Dorris,* the Michigan Supreme Court held that an Affidavit of Merit must be filed with a medical malpractice complaint. If a plaintiff fails to do so, the complaint must be dismissed without prejudice. Paragraph 96 appears to allege a medical malpractice claim against the Detroit Macomb Hospital Corporation Defendants. No Affidavit of Merit was filed by Plaintiff. Based on *Dorris*, the medical malpractice claim must be dismissed without prejudice. However, the Complaint alleges various claims against these Defendants, such as false imprisonment (Complaint, ¶ 76) and state and federal constitutional violations (Complaint, ¶¶ 93-95, 98). These claims remain since these Defendants do not move to dismiss these claims–only the medical malpractice claim.

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants Detroit Macomb Hospital Corporation, Bal K. Gupta, David Donigian and Mary Zimmer's Motion to Dismiss as to medical malpractice claim only **(Docket No. 24, filed November 15, 2004)** is GRANTED. The remaining claims against these Defendants remain.


DATED: August 10, 2005

  /s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge